IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GERBER VELASQUEZ-VELASQUEZ | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-12-1423 |
| CALVIN McCORMICK, et al. | * | |
| Respondents | * | |

***

**MEMORANDUM**

Petitioner Gerber Velasquez-Velasquez ("Velasquez"), a detainee at the Wicomico County Regional Jail in Snow Hill, Maryland, by his counsel, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241, asserting that immigration officials have denied him an individualized bond release hearing and he is improperly detained under the mandatory detention provisions of 8 U.S.C. § 1226(c). Respondents Calvin McCormick, Gary Mumford, John Morton, Janet Napolitano, and Eric H. Holder Jr.,[1] by their counsel, have filed a response (ECF No. 6) to which petitioner has not replied.[2] The matter is fully briefed and ready for disposition. After review of the pleadings, the court finds a hearing is unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the court will deny and dismiss the petition.

I.   **BACKGROUND**

Velasquez alleges that he has been unlawfully detained during removal proceedings by Immigration and Customs Enforcement ("ICE") since September of 2011, without any individualized bond hearing to determine whether he is dangerous or a flight risk. He contends that

---

[1] Respondents seek dismissal of all respondents except for Gary Mumford, Warden of the Wicomico County Regional Jail who is currently charged with custody over Petitioner. The request shall be granted. *See* 28 U.S.C. § 2243.

[2] After filing the petition and prior to respondents' motion to dismiss, counsel for petitioner filed a supplement to the petition recognizing that *Hosh v. Lucero*, 680 F.3d 375 (2012), decided after the filing of the petition, was not beneficial to petitioner. ECF Nos. 4 & 5.

he is not subject to the mandatory detention provisions of 8 U.S.C. § 1226 (c),[3] and his detention without an individualized bond hearing violates his right to due process under the Fifth Amendment. As relief, he asks this court to grant the writ, order an individualized bond hearing, and direct respondents to refrain from transferring him out of this district while this matter is pending.

On March 12, 2009, Velasquez, a citizen of El Salvador, was convicted in the District Court for Montgomery County of one count of second degree assault and one count of fourth degree burglary. On that same day he was sentenced to an 18 month term of imprisonment, all suspended save the 56 days served in pretrial confinement. As a result, he was released from confinement on that same day. ECF No. 1.

On September 17, 2011, ICE issued a Notice to Appear charging Velasquez with removability under the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1227(a)(2)(A) as an aggravated felon under 8 U.S.C. § 1101(a)(43)(F) and 8 U.S.C. § 1101(a)(43)(G). Petitioner was arrested and detained pending removal.

Petitioner sought release on bond. On December 14, 2011, the Immigration Judge ("IJ") found Velasquez was subject to mandatory detention based on his convictions and under 8 U.S.C. § 1226(c), notwithstanding the lapse between his State and Federal detentions. ECF No. 6, Ex. 2 & 3. Velasquez appealed the bond decision to the Board of Immigration Appeals ("BIA") which dismissed the appeal on March 27, 2012. ECF No. 6.

## II. JURISDICTION

The issue presented in this case is not whether Velasquez should be removed or whether he should be detained during the removal process, but whether he is subject to mandatory detention without an individualized bond hearing during removal proceedings. Under 28 U.S.C. § 2241(c),

---

[3] Section 236(c) of the Immigration and Nationality Act is codified at 8 U.S.C. § 1226(c).

habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) when the petitioner is "in custody," and the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). This court has subject matter jurisdiction over the petition under § 2241 because Velasquez was detained within this district at the time he filed his petition and continues to be so, and he asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c) and violates his due process rights. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**III. DISCUSSION**

The Attorney General is authorized by statute to arrest, detain, and release an alien during the pre-removal period when the decision as to whether the alien will be removed from the United States is pending. *See* 8 U.S.C. § 1226(c). Individuals who fall under § 1226(c)(1) are subject to mandatory detention without a bond hearing. The statute provides in pertinent part:

> (c) Detention of criminal aliens
>
> > (1) Custody
> >
> > The Attorney General shall take into custody any alien who—
> >
> > (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> >
> > (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii),(A)(iii),(B),(C), or (D) of this title,
> >
> > (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence [sic] to a term of imprisonment of at least 1 year, or
> >
> > (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

>when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226 (c) (1).  This provision was enacted pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Div. C, Pub. L. No. 104–208, § 303(a), 110 Stat. 3009–586 (Sept. 30, 1996), out of concern that deportable criminal aliens who were not detained pending their removal hearings would reoffend and fail to appear at their hearings. *See Demore v. Kim*, 538 U.S. 510, 518–20 (2003); *see also In re Rojas*, 23 I. & N. Dec. 117, 121-22 (B.I.A. 2001).

Determination of Velasquez's petition is now controlled by the Fourth Circuit's recent decision in *Hosh v. Lucero*, 680 F.3d 375 (4th Cir. 2012), a case factually indistinguishable from petitioner's. The court appreciates the professionalism of petitioner's counsel in advising the court of this recent decision. In *Hosh*, the petitioner was convicted of various state felonies and received a two year sentence, all of which was suspended. *Id*. at 377.  The petitioner was released from state custody.  A Notice to Appear was not issued by ICE until three years later.  The petitioner was then placed in Federal custody pending removal.  While in custody, the petitioner requested a bond hearing.  The request was denied by the IJ and the BIA,  which found that he was subject to the mandatory detention provisions of §1226(c). *Id*. at 377-78.  The petitioner then instituted habeas proceedings.  The District Court granted relief, finding that § 1226(c) only applied when the alien was taken into immediate Federal custody at the conclusion of State custody. *Id*. at 378.

In reversing the District Court's determination, the Fourth Circuit held that the mandatory detention provisions of §1226(c) apply even where the removable alien is not taken into Federal custody the moment he is released from State detention. *Id*. at 379.  In rejecting the petitioner's contention that he was entitled to an individual bond hearing, the Fourth Circuit found that the BIA's determination that no bond hearing was warranted was based on a permissible construction of the INA's mandatory detention provision and therefore warranted deference under *Chevron, U.S.A., Inc., v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). *Id*. at  380.  The *Hosh*

4

Court further found that it was unlikely that Congress intended to exempt a criminal alien from mandatory detention and make him eligible for release on bond if the alien was not immediately taken into federal custody. *Id.* at 381. The Fourth Circuit also rejected the petitioner's invocation of the rule of lenity. *Id.* at 383-84.

Velasquez maintains that since he was not immediately detained upon his release from state custody, § 1226(c) does not apply and he is entitled to an individualized bond hearing. *Hosh* specifically rejects this argument. Velasquez is subject to the mandatory detention requirements of § 1226(c), even where there is a lapse in his state and federal custody.

For these reasons, this court will grant respondents' motion to dismiss and deny and dismiss the petition by separate order which follows.


August 28, 2012                                        /s/
     Date                              Catherine C. Blake
                                       United States District Judge